IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

CARIDAD VEGA,

        Plaintiff,                        No. CIV S-05-1970 DAD

    vs.

MICHAEL J. ASTRUE,               ORDER
Commissioner of Social Security,[1]

        Defendant.
_____/

        This social security action was submitted to the court, without oral argument, for ruling on plaintiff's motion for summary judgment and defendant's cross-motion for summary judgment. For the reasons explained below, the decision of the Commissioner of Social Security (Commissioner) is affirmed.

## PROCEDURAL BACKGROUND

        Plaintiff Caridad Vega applied for Social Security Disability Insurance and Supplemental Security Income disability benefits under Titles II and XVI of the Social Security Act (the Act) on November 28, 2003. (Transcript (Tr.) at 42-44.) The Commissioner denied

---

[1] On February 12, 2007, Michael J. Astrue became the Commissioner of Social Security. Mr. Astrue is substituted as defendant in this suit pursuant to 42 U.S.C. § 405(g) and Fed. R. Civ. P. 25(d)(1).

plaintiff's application initially and on reconsideration.  (Tr. at 28-40.)  Pursuant to plaintiff's request, a hearing was held before an administrative law judge (ALJ) on March 8, 2005, at which time plaintiff was represented by counsel.  (Tr. at 41, 398-424.)  In a decision issued on May 20, 2005, the ALJ determined that plaintiff was not disabled.  (Tr. at 9-20.)  The ALJ entered the following findings:

> 1.  Ms. Vega meets the nondisability requirements for a period of disability and Disability Insurance Benefits set forth in Section 216(i) of the Social Security Act and is insured for benefits through the date of this decision.
>
> 2.  Ms. Vega has not engaged in substantial gainful activity since the alleged onset of disability.
>
> 3.  Ms. Vega has an impairment or combination of impairments that is "severe" based on the requirements in the Regulations 20 CFR §§ 404.1520(c) and 416.920(c).
>
> 4.  These medically determinable impairments do not meet or medically equal one of the listed impairments in Appendix 1, Subpart P, Regulation No. 4.
>
> 5.  The court finds Ms. Vega's allegations regarding her limitations are not totally credible for the reasons set forth in the body of the decision.
>
> 6.  Ms. Vega has the following residual functional capacity: light work (lifting no more than 20 pounds occasionally and 10 pounds frequently) with the ability to stand, walk, or sit for six hours in an eight hour day.  Ms. Vega is unable to climb ladders, ropes, or scaffolds.  She can only occasionally kneel, crouch, or crawl.  She is limited to no more than occasional forceful gripping, grasping, or fingering bilaterally.
>
> 7.  Ms. Vega is unable to perform any of her past relevant work (20 CFR §§ 404.1565 and 416.965).
>
> 8.  Ms. Vega is a "younger individual between the ages of 18 and 44" (20 CFR §§ 404.1563 and 416.963).
>
> 9.  Ms. Vega has "more than a high school (or high school equivalent) education" (20 CFR §§ 404.1564 and 416.964).
>
> 10.  Transferability of skills is not an issue in this case (20 CFR §§ 404.1568 and 416.968).

/////

11. Ms. Vega has the residual functional capacity to perform a significant range of light work (20 CFR §§ 404.1567 and 416.967).

12. Although Ms. Vega's exertional limitations do not allow her to perform the full range of light work, using Medical-Vocational Rule 202.21 as a framework for decision-making, there are a significant number of jobs in the national economy that she could perform. Examples of such jobs include work as bakery worker. cotton classer aide, and counter clerk (Exhibit 4E).

13. Ms. Vega was not under a "disability," as defined in the Social Security Act, at any time through the date of this decision (20 CFR §§ 404.1520(g) and 416.920(g)).

(Tr. at 19-20.)

The Appeals Council declined review of the ALJ's decision on July 26, 2005. (Tr. at 5-7.) Plaintiff then sought judicial review pursuant to 42 U.S.C. § 405(g) by filing the complaint in this action on September 29, 2005.

**LEGAL STANDARD**

The Commissioner's decision that a claimant is not disabled will be upheld if the findings of fact are supported by substantial evidence in the record as a whole and the proper legal standards were applied. Schneider v. Comm'r of the Soc. Sec. Admin., 223 F.3d 968, 973 (9th Cir. 2000); Morgan v. Comm'r of the Soc. Sec. Admin., 169 F.3d 595, 599 (9th Cir. 1999). The findings of the Commissioner as to any fact, if supported by substantial evidence, are conclusive. See Miller v. Heckler, 770 F.2d 845, 847 (9th Cir. 1985). Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. Osenbrock v. Apfel, 240 F.3d 1157, 1162 (9th Cir. 2001) (citing Morgan, 169 F.3d at 599); Jones v. Heckler, 760 F.2d 993, 995 (9th Cir. 1985) (citing Richardson v. Perales, 402 U.S. 389, 401 (1971)).

A reviewing court must consider the record as a whole, weighing both the evidence that supports and the evidence that detracts from the ALJ's conclusion. See Jones, 760 F.2d at 995. The court may not affirm the ALJ's decision simply by isolating a specific quantum of supporting evidence. Id.; see also Hammock v. Bowen, 879 F.2d 498, 501 (9th Cir. 1989). If

substantial evidence supports the administrative findings, or if there is conflicting evidence supporting a finding of either disability or nondisability, the finding of the ALJ is conclusive, see <u>Sprague v. Bowen</u>, 812 F.2d 1226, 1229-30 (9th Cir. 1987), and may be set aside only if an improper legal standard was applied in weighing the evidence, see <u>Burkhart v. Bowen</u>, 856 F.2d 1335, 1338 (9th Cir. 1988).

In determining whether or not a claimant is disabled, the ALJ should apply the five-step sequential evaluation process established under Title 20 of the Code of Federal Regulations, Sections 404.1520 and 416.920. See <u>Bowen v. Yuckert</u>, 482 U.S. 137, 140-42 (1987). This five-step process can be summarized as follows:

> Step one: Is the claimant engaging in substantial gainful activity? If so, the claimant is found not disabled. If not, proceed to step two.
>
> Step two: Does the claimant have a "severe" impairment? If so, proceed to step three. If not, then a finding of not disabled is appropriate.
>
> Step three: Does the claimant's impairment or combination of impairments meet or equal an impairment listed in 20 C.F.R., Pt. 404, Subpt. P, App. 1? If so, the claimant is automatically determined disabled. If not, proceed to step four.
>
> Step four: Is the claimant capable of performing his past work? If so, the claimant is not disabled. If not, proceed to step five.
>
> Step five: Does the claimant have the residual functional capacity to perform any other work? If so, the claimant is not disabled. If not, the claimant is disabled.

<u>Lester v. Chater</u>, 81 F.3d 821, 828 n.5 (9th Cir. 1995).

The claimant bears the burden of proof in the first four steps of the sequential evaluation process. <u>Yuckert</u>, 482 U.S. at 146 n.5. The Commissioner bears the burden if the sequential evaluation process proceeds to step five. <u>Id.</u>; <u>Tackett v. Apfel</u>, 180 F.3d 1094, 1098 (9th Cir. 1999).

/////

/////

**APPLICATION**

Plaintiff alleges that she has been disabled by carpal tunnel syndrome, arthritis, and fibromyalgia since May 2002.  In her motion for summary judgment, plaintiff argues first that the ALJ improperly rejected significant portions of her testimony.  Plaintiff's second argument is that the ALJ improperly relied on the Medical-Vocational grids in determining that there were jobs in the national economy she could perform despite the existence of significant non-exertional limitations.  The court addresses each argument below.

**I. Rejection of Plaintiff's Testimony**

It is well established that the determination of credibility is a function of the ALJ, acting on behalf of the Commissioner.  See Saelee v. Chater, 94 F.3d 520, 522 (9th Cir. 1996).  An ALJ's assessment of credibility should, in general, be given great weight.  Nyman v. Heckler, 779 F.2d 528, 531 (9th Cir. 1985).  Thus, questions of credibility and resolution of conflicts in the testimony are functions solely of the Commissioner.  Morgan v. Comm'r of Soc. Sec. Admin., 169 F.3d 595, 599 (9th Cir. 1999).  In evaluating a claimant's subjective testimony regarding pain and the severity of his or her symptoms, an ALJ may consider the presence or absence of supporting objective medical evidence along with other factors.  See Bunnell v. Sullivan, 947 F.2d 341, 346 (9th Cir. 1991) (en banc); see also Smolen, 80 F.3d at 1285.  Ordinary techniques of credibility evaluation may be employed, and the adjudicator may take into account prior inconsistent statements or a lack of candor by the witness.  See Fair v. Bowen, 885 F.2d 597, 604 n.5 (9th Cir. 1989).

Nonetheless, an ALJ's rejection of a claimant's testimony must be supported by specific findings.  Morgan, 169 F.3d at 599; Matthews v. Shalala, 10 F.3d 678, 679 (9th Cir. 1993) (citing Miller v. Heckler, 770 F.2d 845, 848 (9th Cir. 1985)).  Once a claimant has presented medical evidence of an underlying impairment, the ALJ may not discredit the claimant's testimony as to the severity of symptoms merely because the symptoms are unsupported by objective medical evidence.  Reddick v. Chater, 157 F.3d 715, 722 (9th Cir.

1998); Light v. Soc. Sec. Admin., 119 F.3d 789, 792 (9th Cir. 1997).  Rather, "'the ALJ can reject the claimant's testimony about the severity of [his] symptoms only by offering specific, clear and convincing reasons for doing so.'"  Light, 119 F.3d at 792 (quoting Smolen, 80 F.3d at 1281).  See also Reddick, 157 F.3d at 722.

Here, plaintiff's medical records document conditions which might reasonably be expected to cause the symptoms alleged by plaintiff.  However, while plaintiff alleges that she is totally unable to work due to pain and the severity of her symptoms, the ALJ made specific and detailed findings in not fully crediting plaintiff's testimony to the extent that it conflicted with his findings concerning plaintiff's residual functional capacity.  The opinion of plaintiff's treating physician, the opinions of the state agency physicians, and the April 2004 functional capacity evaluation provide substantial evidence that plaintiff has the residual functional capacity to work, with appropriate limitations.  (Tr. at 14, 17, 321, 328-30.)  The ALJ's findings accommodated plaintiff's upper extremity impairments by limiting her to occasional fingering and occasional forceful gripping and grasping.  (Tr. at 17.)

After considering plaintiff's evidence concerning her arthritis impairment, the ALJ reasonably determined that this impairment did not require additional restrictions.  (Tr. at 13-14, 17.)  The ALJ also considered plaintiff's evidence of left knee pain and found that the record demonstrated only intermittent complaints of knee pain, with occasional acute flare ups.  (Tr. at 13-14, 17, 144, 148-52, 171, 178-79, 309, 312, 314-15, 416.)  As the ALJ noted, no physician assessed any limitations on plaintiff's ability to sit, stand, and walk beyond those imposed by the ALJ, while some of plaintiff's activities, such as driving, shopping, and attending church, supported a conclusion that plaintiff was able to sit, move about, and use her hands.  (Tr. at 17, 330, 407-10.)  While the record does not indicate that plaintiff goes about all of her activities with ease, the court finds that the ALJ fairly characterized the record and sufficiently stated specific, clear, and convincing reasons for not fully crediting plaintiff's testimony

/////

regarding the severity of her symptoms. See Tidwell v. Apfel, 161 F.3d 599, 602 (9th Cir. 1998). Therefore, plaintiff's argument to the contrary must be rejected.

**II.  Reliance on Medical-Vocational Rules**

Plaintiff also contends that the ALJ should not have used the Social Security grids, which she describes as overwhelmingly strength-based, because plaintiff has significant non-exertional limitations, including inability to perform repetitive movements with both of her hands, pain in her knees and back, inability to stand, sit, or walk for more than a very short time, and inability to be more than minimally physically active. Plaintiff argues that the ALJ should have used the services of a vocational expert in determining whether plaintiff can perform other jobs that exist in substantial numbers in the national economy. Defendant argues that reliance on the grids was not precluded by the manipulative and postural limitations found by the ALJ in this case.

At the fifth and final step of the sequential evaluation process, the Commissioner can satisfy his burden of showing that the claimant can perform other types of work in the national economy, given the claimant's age, education, and work experience, by either (1) applying the Medical-Vocational Guidelines (grids) in appropriate circumstances or (2) taking the testimony of a vocational expert. Burkhart, 856 F.2d at 1340 (citing Desrosiers v. Sec'y of Health & Human Servs., 846 F.2d 573, 578 (9th Cir. 1988) (Pregerson, J., concurring)); Polny v. Bowen, 864 F.2d 661, 663-64 (9th Cir. 1988). The grids are designed to show available work in the national economy for individuals with exertional (i.e., strength) limitations, as impacted by the factors of age, education, and work experience. 20 C.F.R. Pt. 404, Subpt. P, App. 2, § 200.00(d) & (e).

The grids may be used only when they "'accurately and completely describe the claimant's abilities and limitations.'" Burkhart, 856 F.2d at 1340 (quoting Jones v. Heckler, 760 F.2d 993, 998 (9th Cir. 1985)). See also Reddick v. Chater, 157 F.3d 715, 729. When a claimant's non-exertional limitations are sufficiently severe that they significantly limit the range

7

of work permitted by the claimant's exertional limitations, the grids are inapplicable. Burkhart, 856 F.2d at 1340; Desrosiers, 846 F.2d at 577; see also Heckler v. Campbell, 461 U.S. 458, 462 n.5 (1983); Tackett, 180 F.3d at 1101-02; Cooper v. Bowen, 815 F.2d 557, 560 (9th Cir. 1987).

Here, the ALJ found as follows with regard to plaintiff's residual functional capacity: plaintiff can perform light work (lifting no more than 20 pounds occasionally and 10 pounds frequently); she has the ability to stand, walk, or sit for six hours in an eight hour day; she is unable to climb ladders, ropes, or scaffolds; she can only occasionally kneel, crouch, or crawl; she is limited to no more than occasional forceful gripping, grasping, or fingering bilaterally. The ALJ concluded that plaintiff's exertional limitations do not allow her to perform the full range of light work, but she can perform a significant range of light work. Applying the grids, the ALJ found plaintiff not disabled because there are a significant number of jobs in the national economy, including the positions of bakery worker and counter clerk, that plaintiff can perform.

The court finds that the ALJ did not err by applying the grids in this case because the ALJ determined that plaintiff's non-exertional limitations did not significantly limit the range of light work available to her. Light work involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects up to 10 pounds. 20 C.F.R. §§ 404.1567(b) and 416.967(b). A job is in the light work category when it requires either a good deal of walking or standing, or sitting most of the time with some pushing or pulling of arm or leg controls. Id. To be capable of performing the full range of light work, the claimant must be able to do substantially all of these activities. Id. Inability to climb ladders, ropes, or scaffolds and inability to crawl have little or no effect on the range of light work available to an individual. Social Security Ruling (SSR) 83-14. Unlike unskilled sedentary work, many unskilled light jobs do not entail fine use of the fingers, although they do require use of the arms and hands to grasp, hold, and turn objects. Id.; SSR 83-10.

Plaintiff's restriction to occasional fine manipulation and occasional forceful gripping and grasping does not substantially erode the base of light work she can perform. Thus,

the record does not support a conclusion that plaintiff has nonexertional limitations that are sufficiently severe to significantly limit the range of light work otherwise permitted on the basis of plaintiff's exertional limitations. Therefore, the ALJ's use of the grids was not inappropriate, and testimony from a vocational expert was not necessary under the circumstances.

## CONCLUSION

Accordingly, the court HEREBY ORDERS that:

1. Plaintiff's motion for summary judgment is denied;

2. Defendant's cross-motion for summary judgment is granted;

3. The decision of the Commissioner of Social Security is affirmed.

DATED: March 16, 2007.

*Dale A. Drozd*
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:kw
Ddad1/orders.socsec/vega1970.order